DWORKEN, Plaintiff-Appellant v. LOUDENSLAGER, Defendant-Appellee.

Ohio Appeals, Second District, Darke County.

No. 609. Decided February 2, 1943.

Jack B. Dworken, Cleveland, Morton R. Dworken, Cleveland, Joseph Kinneary, Cincinnati, for plaintiff-appellant.

Maher & Marchal, Greenville, for defendant-appellee.

### OPINION

BY THE COURT:

This is an appeal on questions of law from a judgment of the Common Pleas Court entered upon a verdict of a jury in behalf of the defendant. Two errors are assigned. That the verdict and judgment are contrary to and manifestly against the weight of the evidence; that the judgment is contrary to law.

The action is in quantum meruit predicated upon an alleged contract of employment whereby the plaintiff, a practicing attorney, performed legal services in representation of the defendant, as a duly licensed and registered optometrist under the laws of the state of Ohio, before the Tax Commission of the state of Ohio and in the courts of the state. The question presented to the Tax Commission and the courts was with respect to the validity of certain sales tax assessments made against optometrists generally in the state of Ohio, the Tax Commission asserting and the Ohio State Optometric Association denying the validity of the sales tax assessed against the optometrists. It was averred that in this connection the plaintiff represented the defendant professionally from July 22, 1938, up to and including August 26, 1941. The nature and extent

of the services rendered is set out at length and the names of the Commissions and the Board before whom counsel appeared are stated. The amount itemized and sued for is $760.40 with interest. The answer of the defendant as to all material averments was a general denial. The cause was presented to a jury.

Obviously, there were two determinative questions both of which to support a verdict for the plaintiff had to be answered by the jury. First, that the services were performed by the plaintiff for the defendant at his instance and request, either under an express or implied contract; and, secondly, the extent of such services and the value thereof. If the plaintiff did not sustain the burden of proof as to the first question, then, of course, the jury never reached the second question. The verdict of the jury was general and every legal intendment must be indulged to support it. It follows, that one intendment is, that the jury determined that there was no contract whereby the defendant was obligated to pay for the services rendered by the plaintiff. There was an issue on this question and there was testimony tending to support the claim of the plaintiff and, likewise, the claim of the defendant. It is elementary that the jury passes upon the credibility of the witnesses. Upon the testimony of Dr. Loudenslager the verdict may be supported.

"A judgment will not be reversed as against the weight of the evidence if it is supported by any competent, credible evidence which goes to all the essential elements of the case."

2 O. Jur., 759, and the many supporting authorities there cited.

This court has no doubt, in fact some of its members have personal knowledge that the plaintiff did render valuable service to the optometrists in connection with the suits in court testing the validity of the sales tax assessment levied against optometrists in the state of Ohio. If there was any finding of fact upon which we could base a determination that the jury in its consideration reached the value of the services of the plaintiff, we could then test the failure to return a verdict in some amount, but we cannot go that far.

As we view this case, it is one involving the weight of the evidence only and as a reviewing court we cannot say that the verdict of the jury is so manifestly against the weight of the evidence as to shock the conscience.

The judgment will, therefore, be affirmed.

GEIGER, P. J., BARNES and HORNBECK, JJ., concur.